STATE OF INDIANA, EX REL. HEETER ET AL. *v.* EATON
ET AL.

[No. 9,479.   Filed January 30, 1918.   Rehearing denied April 3,
1918.   Transfer denied March 6, 1919.]

DRAINS.—*Claims of Workmen.—Lien.—Notice.—Time of Filing.—
Statutes.*—Under §6147 Burns 1914, Acts 1907 p. 508, providing
that laborers, etc., performing services in the construction of a
drainage ditch, shall have a lien upon the fund raised upon notice
to the person in charge of the work, such notice, to be effective,
must be filed with the construction commissioner before the final
completion of the ditch and while there still remains in his hands
some portion of the fund provided for the payment of its con-
struction.

From Laporte Circuit Court; *James F. Gallaher,*
Judge.

Action by the State of Indiana, on the relation of
Hollis H. Heeter and another against L. Albert
Eaton and another. From a judgment for defend-
ants, the plaintiffs appeal. *Affirmed.*

*Hickey & Wolfe,* for appellants.
*Sutherland & Smith* and *Doran & Conboy,* for ap-
pellees.

IBACH, C. J.—Appellee Eaton was appointed ditch
commissioner to take charge of the construction of
a ditch established by the LaPorte Circuit Court,
and his coappellee is his surety on his bond.

Appellants were employed by the contractor in the
construction of the work. Hollis Heeter was em-
ployed as foreman on the dredge, and Emma Heeter,
his wife, as cook and assistant in providing board
for the laborers engaged in digging the ditch. Dur-
ing the progress of the work appellants earned

$482.60, of which amount $200 was subsequently paid, leaving a balance due them of $282.60. On May 2, 1913, and after their work was completed, appellants attempted to secure the balance due them by delivering to appellee commissioner the following instrument in writing:

"Wanatah, Indiana, May 1, 1913.

"L. A. Eaton construction commissioner of Topper ditch, La Porte County, Indiana.

"This is to certify that there is due Hollie Heeter and wife the sum of Four Hundred and Eighty-two Dollars and Sixty-one one-hundredths ($482.61) for labor on the Topper Ditch with interest at six (6%) per cent. from date.

"Gross Kolb Dredging Co.

"Per L. J. Gross."

The commissioner did not pay the amount specified in the writing, and this suit was brought to recover the same from appellees upon the theory that the foregoing instrument constituted such notice as the law requires of appellants to entitle them to a lien on the funds raised for the payment of the ditch, and consequently the commissioner was liable for not withholding from the fund provided for the payment of the ditch an amount sufficient to pay appellants.

The statute (§6147 Burns 1914, Acts 1907 p. 508, §7) provides: "All laborers and other persons who shall hereafter perform any labor or other service, or furnish board or any materials in the construction of any work under the provisions of this act shall have a lien upon the fund raised for the payment of the same; and upon notice in writing filed with the person whose duty it shall be to pay out such fund,

of the amount due and what the same is for, such person shall withhold payment to the contractor for such work to an amount sufficient to satisfy such lien until the same is adjusted and paid;  *  *  *  and upon failure to comply with the above provisions, such person in charge of such work shall be liable on his bond for the amount improperly paid over to such contractor.''

A number of propositions are discussed in the briefs which, in view of the conclusion we have reached, need not be considered.  There is evidence to show that when the foregoing notice or order was served on appellee commissioner the ditch contractor had been paid in full therefor, and, while §6147, *supra,* does not specify a particular time for the filing of the notice contemplated therein, we are of the opinion that such notice must be filed with the construction commissioner, to hold him liable, before the final completion of the ditch, and while there still remains in his hands some portion of the fund provided for the payment of its construction.

Our statutes authorize the commissioner in charge of such work to pay the contractor a part of the contract price as the work progresses and the full contract price when the work is completed without first submitting such question to the court and obtaining an order of allowance.

This ditch was constructed under §6144 Burns 1914, Acts 1907 p. 508, §4, which, so far as it affects this discussion, provides: ''He (the commissioner) shall pay the costs not otherwise adjudged and all expenses incident to the construction of such work, including reasonable attorney's fees of the petitioner in the preparation and presentation of the petition, and the

prosecution of the same for such services as may be necessary in any stage of the proceedings not exceeding four per cent. of the assessed benefits as approved by the court in all drains in which the assessed benefits are greater than one thousand dollars ($1,000), the costs of giving notice, and shall pay such other costs and expenses as the court shall deem proper out of the funds collected from the assessments made and confirmed as aforesaid: Provided, that no claim for costs, expenses *or otherwise, except on contract for constructing the work,* shall be paid until it is presented to the court, and by the court allowed." And in §6145 of the same act, *supra,* it is also provided that "moneys shall be paid to the contractor or contractors upon the contract price for such work, from time to time as the same shall become due under the terms of said contracts."

There is evidence in the record, both of Mr. Gross, who had personal charge of the construction work for the contractors, and also of appellee Eaton, from which the court might very properly conclude that the ditch was actually completed some time in the month of April, and it is undisputed that the notice, conceding, but not deciding, that the writing served upon the commissioner was such a notice as is contemplated by the statute, was served on the second day of May following.

In the absence of any provision in the law with reference to the time in which such notice must be filed, and in view of the fact that the commissioner is directed by statute to pay the contractor when the work is completed, we believe we are right in holding that such a notice will not be effective, if filed with the ditch commissioner after the ditch has been com-

pleted, and the full contract price has been paid the contractor.

There might be cases, and possibly this is one, in which it might be said that this conclusion would work a hardship on the claimants; if so, the fault is with the legislature, where it may be corrected, and not the courts, for it is for us to construe, but not to make, the law.

Judgment affirmed.